**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

_____
                                     :
KEITH BABBS,                         :
                                     :        Civil Action
            Plaintiff,               :        06-3033 (KSH)
                                     :
            v.                       :        **O P I N I O N**
                                     :
STATE OF NEW JERSEY et al.,          :
                                     :
            Defendant.               :
_____:


**APPEARANCES:**

      KEITH BABBS, plaintiff pro se
      Atlanta Pre-trial Detention Center
      254 Peachtree Street
      Atlanta, GA 30303

**KATHARINE S. HAYDEN, District Judge**

      Plaintiff KEITH BABBS (hereinafter "Plaintiff") currently
confined at the Atlanta Pre-trial Detention Center, Atlanta,
Georgia, seeks to bring this 42 U.S.C. § 1983 action in forma
pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915.
Plaintiff submitted his in forma pauperis application, pursuant to
28 U.S.C. § 1915(a) (1998), and Plaintiff's complaint (hereinafter
"Complaint").  Plaintiff named the following parties as Defendants
in this action: (1) State of New Jersey; (2) Essex County Superior
Court; (3) Department of Corrections; (4) Union County Sheriff
Department; (5) Police/Correction officers; (6) Union County Jail

(timekeeper); and (7) Union County Superior Court.  See Compl. at 1.

**BACKGROUND**

Although Plaintiff's Complaint provides a patchy and convoluted account complicating comprehension of Plaintiff's claims, it appears that Plaintiff asserts the following:

On November 30, 2001, Plaintiff was arrested in Union County on the charge of receiving stolen property (hereinafter "Union County Charge"); Plaintiff was released on bail after the charge was processed. Id. at 6.  While on bail during 2002, Plaintiff was arrested and prosecuted on four separate occasions in the Essex County (hereinafter "Essex County Proceedings"), and the indictment on the Union County Charge was processed only on or about November 13, 2002, after the Union County Charge was brought to the state court's attention during Plaintiff's Essex County Proceedings. See id.  Furthermore, it appears that--after serving his terms of imprisonment ensuing from the Union County Charge and the Essex County Proceedings--Plaintiff was held in custody for an unspecified period of time after his released date (hereinafter "Release Date"), after which Plaintiff was released from custody (a) without Plaintiff's possession (three dogs that Plaintiff turned to the prison officials upon entering the correctional institution), (b) while still wearing Plaintiff's Union County prison garb and (c) having no documents verifying Plaintiff's due

release from custody.  See id. at 6-7.  The mode of Plaintiff's release caused an unnamed county sheriff to suspect that Plaintiff was a fleeing felon--rather than a duly released prisoner--and effectuate Plaintiff's arrest "with unforeseeable physical aggression."  Id. at 7.

Plaintiff filed the instant action seeking

> monetary compensation for the time [he] was illegally detained and wrongly convicted. [He is] seeking compensation for battery, punitive, compensatory, and actual damages; compensation for [his] personal property for about $1,300 and failure of [the] Union County to provide [him] a speedy trial.  Additional damages for being discharged by Union County Jail Officials which lead to another unlawful detainment upon being discharged from custody.

Id. at 8.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any

prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## DISCUSSION

_____Plaintiff's Complaint appears to raise a panoply of repetitious claims[1] that could be roughly subdivided into four categories: (1) claims related to "lack of speedy trial" with respect the Union County Charge which led to what Plaintiff deems

---

[1]
    Plaintiff lists ten "complaints," i.e., claims, which largely paraphrase one another.

to be "wrong and illegal" conviction; (2) claims related to "misplacement" of Plaintiff's property, i.e., Plaintiff's three dogs, by prison officials; (3) claims related to Plaintiff's detention in custody for an unspecified period of time after the Release Date; and (4) Plaintiff's release from custody in a prison garb and without any documents, which led to application of undue physical force to Plaintiff and Plaintiff's wrongful arrest.

For the reasons stated below, this Court dismisses Plaintiff's claims in the categories 1 and 2.  Plaintiff's claims in the categories 3 and 4 may proceed to the next stage.

**A.   Claims Subject to Dismissal**

The first and second categories of Plaintiff's claims lack merit.  In addition, these claims are time barred.

    1.   Statute of Limitations

The statute of limitations in a § 1983 action is determined by state law.  See Wilson v. Garcia, 471 U.S. 261, 276 (1885).  Here, the applicable statute of limitations is two years.  See Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).  § 1983 action accrues when the Plaintiff knew or should have known of the injury on which his claim is predicated.  See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Since this means that once Plaintiff (a) was convicted in November of 2002, and (b) surrendered his personal property to prison

officials in November of 2002 at the latest, the statute began to run in November of 2002, cf. United States v. Kubrick, 444 U.S. 111, 122 (1979), and expiring in November of 2004, about two years prior to filing of this action, making Plaintiff's claims time barred.

    2.    Plaintiff's Claims Related to "Wrongful and Illegal Conviction"

Even if the statute of limitations bar did not prevent this Court from entertaining Plaintiff's first category of claims, these claims would still be subject to dismissal on merits.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks [leads to] determination that he [was] entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness

of a criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed
> on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such
> determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C. §
> 2254. A claim for damages bearing that relationship to a
> conviction or sentence that has not been so invalidated
> is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed *unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated*. See id. at 487-90 ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). Since the first category of Plaintiff's claims against the Defendants in this case present the type of claim addressed in Heck, and this Court's finding that Plaintiff's Union County conviction was procured in violation of Plaintiff's constitutional rights would necessarily invalidate that conviction, this category of claims is barred by Heck and is subject to dismissal for failure to state a claim upon which relief may be granted.

2.   <u>Plaintiff's Claims Related to Personal Property</u>

Similarly, even if the statute of limitations bar did not prevent this Court from entertaining Plaintiff's second category of claims, these claims would still be subject to dismissal on merits.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1107 (3d Cir. 1989).  Because the operation of a state prison constitutes state action under § 1983, the Court will consider whether the facts set forth in the Complaint show a violation of Plaintiff's due process rights.  <u>See</u> <u>West</u>, 487 U.S. 42.

The Due Process Clause prohibits a state or local government from depriving a person of property without providing due process

of  law.    See  Greenholtz  v.  Inmates  of  Nebraska  Penal  and
Correctional Complex, 442 U.S. 1, 7 (1979).   To analyze a due
process claim, a Court conducts a familiar two-part inquiry:  a
Court determines whether the Plaintiff "was deprived of a protected
interest, and, if so, what process was his due."  See Logan v.
Zimmerman Brush Co., 455 U.S. 422, 428 (1982); Holman v. Hilton,
712 F.2d 854, 858 (3d Cir. 1983).   The second prong of the test
bars recovery in a federal court if an adequate agency or state
process was available but not used by Plaintiff.   See id.

    In the case at bar, Plaintiff's due process claim nevertheless
fails as a matter of law because the New Jersey Tort Claims Act
(hereinafter "NJTCA") provided Plaintiff all the process that was
due.  See N.J.S.A. § 59:1-1 et seq.  The Act provides an adequate
post-deprivation judicial remedy to persons, including inmates such
as Plaintiff, who believe they were wrongfully deprived of property
at the hands of prison officials.  See Holman, 712 F.2d at 857;
Asquith v. Volunteers of America, 1 F. Supp.2d 405, 419 (D.N.J.
1998), aff'd, 186 F.3d 407 (3d Cir. 1999).   Indeed, the Third
Circuit held that the Due Process Clause does not require prison
officials to conduct pre-deprivation hearings "if the available
post-deprivation procedure is adequate, then that is all the
process to which the [prisoner] is due under these circumstances."
See Tillman v. Lebanon County Correctional Facility, 221 F. 3d 410,
421 n.12 (3d Cir. 2000); see also Zinermon v. Burch, 494 U.S. 113,

115 (1990); <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984); <u>Parratt v.</u>
<u>Taylor</u>, 451 U.S. 527 (1981) (overruled in part on other grounds by
<u>Daniels v. Williams</u>, 474 U.S. 327 (1986)); <u>Holman</u>, 712 F.2d at 856.
Because the NJTCA was an available remedy providing all the process
which is due, Plaintiff's due process claim fails and the Court is
constrained to dismiss the category of Plaintiff's claims related
to Plaintiff's personal property pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon
which relief may be granted.[2]

In sum, this Court should <u>sua sponte</u> dismiss Plaintiff's
claims in the categories 1 and 2.  Plaintiff's claims in the
categories 3 and 4, however, may proceed past <u>sua sponte</u> dismissal
stage.


**B.   Defendants Subject to Dismissal**

Plaintiff named the following parties as Defendants in this
action: (1) State of New Jersey; (2) Essex County Superior Court;
(3) Union County Superior Court; (4) Department of Corrections; (5)
Union County Sheriff Department; (6) Police and Correction Officers;

---

[2]
    Moreover, the Court must dismiss Plaintiff's tort claims
related to Plaintiff's personal property since it appears from the
face of Plaintiff's Complaint that Plaintiff did not file a timely
Notice of Claim before filing tort claims against a "public entity
or public employee" in accordance with the New Jersey Tort Claims
Act, N.J. Stat. Ann. § 59:1-3.  <u>See</u> <u>County Concrete Corp. v. Town</u>
<u>of Roxbury</u>, 442 F.3d 159, 173-74 (3d Cir. 2006) (citations
omitted).

(7) Union County Jail (timekeeper).  See Compl. at 1.  However, none of the first four defendants in this list is a "person" that can be sued under § 1983 pursuant to Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978), and therefore, Plaintiff's claims against these Defendants are dismissed.

While the same limitation applies to Union County Sheriff Department and Union County Jail, this Court will construe the complaint as asserting claims against Union County itself.  Cf. Hafer v. Melo, 502 U.S. 21, 25 (1991) (§ 1983 suit against governmental officer in official-capacity represents another way of pleading an action against the entity of which officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action that was brought against city's director of police department as action against the city where city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

The Court, however, notes that a local government unit "cannot be held liable solely because it employs a tortfeasor."  Monell, 436 U.S. at 691.  The Supreme Court held in Monell, 436 U.S. at 694:

> "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

This is because "governmental bodies can act only through

natural persons." <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 122 (1988).

Under <u>Monell</u> and its progeny, "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480 (1986); <u>see also</u> <u>Keenan v. City of Philadelphia</u>, 983 F.2d 459, 468-69 (3d Cir. 1992). Municipal liability attaches under § 1983 where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." <u>Pembaur</u>, 475 U.S. at 483. The Supreme Court subsequently clarified an aspect of municipal liability in <u>Praprotnik</u>, 485 U.S. at 127:

> When a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final.

<u>Id.</u> Accordingly, the governmental entity can be liable under § 1983 not only when the policymaker violated plaintiff's constitutional rights, but also when he or she knowingly approved, directed, or acquiesced in the unconstitutional conduct of a subordinate. Therefore, the Court will proceed Plaintiff's claims against Union County.

Page -12-

The Court, however, should dismiss unspecified "Police Officers." "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Since nothing in Plaintiff's Complaint implicates any actions by any police officer, Plaintiff's claims against these unspecified Police Officers are dismissed.

## CONCLUSION

For the reasons stated above, certain claims in Plaintiff's Complaint are dismissed for failure to meet the requirements of statute of limitations, and certain claims are dismissed and for failure state a claim upon which relief may be granted. The remaining claims may proceed to the next stage.

An appropriate Order accompanies this Opinion.

/s/ Katharine S. Hayden
**KATHARINE S. HAYDEN**
**United States District Judge**

Dated: August 16th, 2006